UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CR-60012 Damian/Valle

18 U.S.C. § 371
18 U.S.C. § 981(a)(1)(C)

UNITED STATES OF AMERICA,

vs.

STEVEN M. RATKOWSKI,

Defendant.
_____/

FILED BY R.P.B. D.C.
Jan 29, 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTL

## INFORMATION

The United States Attorney charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Information:

1. Company 1, a rotable and spare aircraft parts business, is registered in the State of Florida with a principal place of business in Broward County, Florida.

2. Company 1's rotable aircraft parts are serialized and tracked on a database and can be overhauled, repaired, or restored to a serviceable condition to reuse on another aircraft.

3. Company 1 obtains its rotable parts by purchasing aircrafts, removing the rotable parts, sending them to overhaul, and then selling them to customers on an exchange basis. The exchange program works as follows: the customer to whom Company 1 sells a refurbished part must give to Company 1 the used part to be refurbished and is then added to Company 1's inventory.

4. Through Company 1's mandatory exchange program, Company 1's inventory is never depleted because most times Company 1 sells a refurbished part to a customer, that customer

must provide Company 1 with the part it was replacing. Company 1 then takes that part from the customer, overhauls it, repairs it, or restores it to a serviceable condition, and keeps the refurbished part in its inventory so that the refurbished part can be sold to a future customer.

5. Company 1's parts have a unique serial number and are cataloged and managed using a software system database called PENTAGON.

6. The defendant, **STEVEN M. RATKOWSKI**, was a resident of Palm Beach County, Florida.

7. **STEVEN M. RATKOWSKI** worked for Company 1 as a sales representative while overseeing the aircraft parts department and its inventory until in and around June 2020. In his role at Company 1, defendant was responsible for ensuring purchase orders for aircraft parts were fulfilled, interfacing with prospective purchasers, and utilizing the internal computer software program PENTAGON to track Company 1's inventory.

8. Secure Air Parts LLC (TN) ("Secure Air") was a company registered in the State of Tennessee with a principal place of business in Davidson County, TN. During the time periods relevant to this Information, **STEVEN M. RATKOWSKI** was the listed Organizer for the company.

9. Company 2 was a foreign company with a principal place of business in Dallas County, Texas.

10. Company 3 was a foreign company with a principal place of business in Clark County, Ohio.

11. Company 4 was a foreign company with a principal place of business in Tulsa County, Oklahoma.

## Count One
### (Conspiracy to Commit Offenses Against the United States)
### 18 U.S.C. § 371

12.     The allegations contained in paragraphs 1 through 11 of the General Allegations section of this Information are re-alleged and incorporated by reference as though fully set forth herein.

13.     From at least in or around January 2020, and continuing through in or around June 2020, in Broward County, Florida, in the Southern District of Florida, the defendant,

**STEVEN M. RATKOWSKI,**

did knowingly and willfully, that is, with the intent to further the object of the conspiracy, combine, conspire, confederate, and agree with his co-conspirator and other persons known and unknown to the United States Attorney, to commit an offense against the United States, that is, to knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing such scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate commerce, certain wirings, signs, signals, pictures and sounds, in violation of Title 18, United States Code, Section 1343.

### PURPOSE OF THE CONSPIRACY

14.     The purpose of the conspiracy was for **STEVEN M. RATKOWSKI** and his co-conspirator to unlawfully enrich themselves by accepting purchase orders by making materially false and fraudulent representations, and by concealing and omitting material facts concerning, among other things, the misappropriation of aircraft parts, and using the misappropriated aircraft

3

parts for their own benefit, which included their own financial gain and developing Secure Air as a competitor of Company 1 and others in the aircraft part marketplace.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which **STEVEN M. RATKOWSKI** and his co-conspirator sought to accomplish the purpose of the conspiracy included, among other things, the following:

### Business Formation

15. **STEVEN M. RATKOWSKI** established Secure Air under the laws of the State of Tennessee, conducted Secure Air's business in Broward County and Palm Beach County, Florida by email, and at times used Company 1's aircraft parts inventory to fulfill purchase orders made to Secure Air's by customers.

16. **STEVEN M. RATKOWSKI** and co-conspirator created a false document to represent that Secure Air Parts had an existing line of credit with Company 1 which Secure Air then used to obtain other lines of credit including credit with Company 2. Lines of credits assisted Secure Air develop its business in the aircraft parts marketplace.

### Misrepresentations

17. **STEVEN M. RATKOWSKI** received, on behalf of Secure Air, purchase order inquiries for aircraft parts by various ways, including the use of email and telephone calls—all of which used interstate wire communications.

18. To induce companies to purchase aircraft parts from Secure Air, **STEVEN M. RATKOWSKI** and his co-conspirator made, and caused others to make, materially false and fraudulent statements to customers, and concealed and omitted, and caused others to conceal and omit, material facts to investors, including, among others, the following:

### Materially False and Misleading Statements

a. **STEVEN M. RATKOWSKI**, at times, represented to prospective customers that Secure Air had specific aircraft parts available for sale;

### Concealment and Omission of Material Facts

b. **STEVEN M. RATKOWSKI** created and prepared false and fictitious purchase order invoices that falsified the existence of an aircraft part sale by Company 1 to a customer;

c. **STEVEN M. RATKOWSKI** falsified the name of the customer on Company 1's invoice and purchased the part for Secure Air to resell with his Secure Air credit card ending in -6788;

d. **STEVEN M. RATKOWSKI** sold the aircraft parts to customers at a higher price than he paid Company 1 and invoiced the customer to pay Secure Air; and

e. **STEVEN M. RATKOWSKI** shipped the aircraft parts sold by Secure Air from Company 1's physical address or requested the customers pick up the aircraft part from Company 1.

19. **STEVEN M. RATKOWSKI** thereafter received the core exchange from the customer to whom Secure Air sold Company 1's refurbished part at, at times, a residential address in Palm Beach County, Florida.

20. As a result of the false and fraudulent invoices created as part of this conspiracy, Defendant and his co-conspirator unlawfully enriched themselves from the sales Secure Air made using the aircraft parts from Company 1's inventory.

## OVERT ACTS

In furtherance of the conspiracy and to achieve the purpose thereof, **STEVEN M. RATKOWSKI** and his co-conspirator committed and caused to be committed in the Southern District of Florida, at least one of the following overt acts, among others:

22. On January 22, 2020, **STEVEN M. RATKOWSKI** caused the transmission of an interstate email communication with an invoice attachment for the sale of two Flap Actuators, S/N: 6600493-2 0294 and 6600493-2 0233, from within in the Southern District of Florida to Company 3.

23. On January 27, 2020, **STEVEN M. RATKOWSKI** caused the transmission of an interstate email communication with an invoice attachment for the sale of with an invoice attachment for the sale of one ECS Control Box, S/N: A00822223-01, from within in the Southern District of Florida to Company 4.

24. On June 5, 2020, **STEVEN M. RATKOWSKI** caused the transmission of an interstate email communication with an invoice attachment for the sale of one Oxygen Cylinder Assembly, S/N: 6165, from within in the Southern District of Florida to Company 3.

All in violation of Title 18, United States Code, Section 371.

## FORFEITURE ALLEGATIONS

1. The allegations in this Information are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging criminal forfeiture to the United States of America of certain property in which the defendant, **STEVEN M. RATKOWSKI**, has an interest.

2. Upon conviction of a conspiracy to commit a violation of Title 18, United States Code, Section 1343, the defendant shall forfeit to the United States any property, real or personal,

which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

3. The property subject to forfeiture as a result of the alleged offenses includes, but is not limited to, the following:

(i) a sum of approximately $375,000.00, which represents the total amount of funds involved in or derived from the alleged offenses and may be sought as a forfeiture money judgment.

4. If any property subject to forfeitures, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred, sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been comingled with other property which cannot be divided without difficult,

the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

BRUCE O. BROWN

FOR HAYDEN P. O'BRYNE
UNITED STATES ATTORNEY

_____
ADAM M. LOVE
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.: 25-CR-60012 Damian/Valle

v.

STEVEN M. RATKOWSKI,

_____/
Defendant.

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of new counts _____

**Court Division** (select one)
☐ Miami   ☐ Key West   ☐ FTP
☒ FTL     ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, 28 U.S.C. §3161.
3. Interpreter: (Yes or No) No
   List language and/or dialect: _____
4. This case will take 0 days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)                (Check only one)
   I    ☒ 0 to 5 days              ☐ Petty
   II   ☐ 6 to 10 days             ☐ Minor
   III  ☐ 11 to 20 days            ☐ Misdemeanor
   IV   ☐ 21 to 60 days            ☒ Felony
   V    ☐ 61 days and over

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, _____ Magistrate Case No. _____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
9. Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Mills Maynard)? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? (Yes or No) No
15. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No
16. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No

By: _____
ADAM M. LOVE
Assistant United States Attorney
SDFL Court ID No.   A5503182

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** STEVEN M. RATKOWSKI

**Case No:** _____

Count #: 1

Conspiracy to Commit Wire Fraud

Title 18, United States Code, Section 371

* **Max. Term of Imprisonment:** 5 years
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 25-CR-60012 Damian/Valle

### BOND RECOMMENDATION

DEFENDANT: Steven M. Ratkowski

$250,000 PSB

(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____
AUSA: ADAM LOVE

Last Known Address: 621 Vickery Park Dr

Nolensville TN 37135- 2521

What Facility: _____

Agent(s): Leonard S. Feula, FBI
(FBI)  (SECRET SERVICE)  (DEA)  (IRS)  (ICE)  (**OTHER**)

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. 25-CR-60012 Damian/ Valle |
| STEVEN M. RATKOWSKI, | ) | |
| *Defendant* | ) | |

## WAIVER OF AN INDICTMENT

  I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

  After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

JOSE M. QUIÑON
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*